PER CURIAM.
In this case under the Federal Employers’ Liability Act, 45 U.S.C.A. § 51 et seq., a verdict for the defendant was followed by an order granting a new trial, from which the defendant has appealed.[1]
The trial judge appears to have felt that by recalling the jury and charging them on proximate cause he may have misled them as to the showing of negligence needed to *122 support the claim of liability. In view of the extent to which the concept of proximate cause has been modified in F.E.L.A. cases (see Rogers v. Missouri Pacific R. Co., 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493; McCloskey v. Louisville & Nashville Railroad Co., Fla.App.1960, 122 So.2d 481), we conclude that the appellant has not demonstrated error, and no abuse of discretion has been shown.
Affirmed.

. The ground on which the new trial was granted was set out in the order as follows :
“The court erred in instructing the jury in this F. E. L. A. action concerning ‘proximate cause’ in accordance with the court’s usual instruction on said subject in common law cases. The ‘proximate cause’ instruction was given immediately after the charge was completed, upon the jury’s return to the courtroom after they had retired initially to consider their verdict. The said ground is ground no. 11 of the plaintiff’s motion for new trial.”